# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**ALPHONSO JAMES, SR.,**

    **Plaintiff,**

vs.                                                                                    CASE NO. 1:07CV152-MP/AK

**JAMES CROSBY, JR.**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff filed the complaint in this cause on August 20, 2007, (doc. 1), with a motion to waive the filing fee (doc. 2), which the Court denied and directed Plaintiff to file a motion for leave to proceed *in forma pauperis* with inmate account information or pay the full filing fee.  (Doc. 5).  Plaintiff filed several papers again requesting that the fee be waived, (docs. 6, 7, 9, 10), which the Court denied and directed that he comply with the previous order on or before September 14, 2007, or it would be recommended that this case be dismissed.  (Doc. 12).

Instead, Plaintiff filed a Motion for Relief from Void Judgment asserting that the undersigned did not have written authorization to use his name and therefore the "judgment," *i.e.* the order requesting that he file a motion for IFP is void.  (Doc. 15). Plaintiff also asserts that he has not sought any privilege from the government, and

therefore, the request for account information and assessment of a fee constitutes a "purchase" of justice which violates his constitutional rights as a "sovereign" citizen.

It is clear that Plaintiff does not intend to proceed with this lawsuit.

A trial court has inherent power to dismiss a case *sua sponte* for failure to prosecute.  Link v. Wabash Railroad, 370 U.S. 626, 82 S. Ct. 1386, 8 L.Ed2d 734 (1962).  Fed. R. Civ. P. 41(b) also authorizes a district court to dismiss an action for failure to obey a court order.  Plaintiff has failed to comply with two orders of this Court directing that he submit either a motion for leave to proceed IFP or pay the full filing fee (docs. 5 and 12).

Also, the Court is required to dismiss a complaint at any time if it is determined to be frivolous.  28 U.S.C. §1915(e)(2)(B)(I).  Typically, a court should serve the complaint and have benefit of the defendant's response before making such a determination, but there are compelling reasons for immediately dismissing frivolous suits by prisoners since they unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources in their defense. Williams v. Secretary for the Department of Corrections, 131 Fed. Appx. 682, 686 (11th Cir. 2005).  Dismissal prior to service is also appropriate when the Court determines from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless.  Williams, *supra*; Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  A cursory review of Plaintiff's complaint (for deprivation of real property by the former Secretary of the Department of Corrections) and the arguments set forth in the

No. 1:07CV152-SPM/AK

most recent motion for relief (doc. 15) are clearly frivolous and indicate Plaintiff's intent in filing this lawsuit is not to assert serious claims for relief, but to harass the Court.

Accordingly, it is respectfully **RECOMMENDED** that the Motion for Relief from Void Judgement (doc. 15) be **DENIED**, and that this case be **DISMISSED** with prejudice.

**IN CHAMBERS** at Gainesville, Florida, this **28th** day of November, 2007.

          *s/ A. KORNBLUM*
          **ALLAN KORNBLUM**
          **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

No. 1:07CV152-SPM/AK